**FILED**
CLERK, U.S. DISTRICT COURT
1/16/24
CENTRAL DISTRICT OF CALIFORNIA
BY: V. Figueroa   DEPUTY

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RESPONSE TREE LLC, a California corporation; and<br><br>DEREK THOMAS DOHERTY, individually and as an officer of RESPONSE TREE LLC,<br><br>Defendants. | Case No. 8:24-CV-1-FMO<br><br>ORDER ON STIPULATION FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Civil Penalties, and Other Relief ("Complaint") pursuant to Sections 5(a), 5(m)(1)(A), 13(b), 16(a), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C.

§§ 45(a), 45(m)(1)(A), 53(b), 56(a), and 57b; the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6105; and the FTC's Telemarketing Sales Rule (the "TSR"), as amended, 16 C.F.R. Part 310. Defendants have waived service of the summons and the Complaint. Plaintiff and Defendants, Response Tree LLC and Derek Thomas Doherty, stipulate to the entry of a Stipulated Order for Permanent Injunction, Civil Penalty Judgment, and Other Relief ("Stipulated Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## I.  FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the Telemarketing Sales Rule (the "TSR" or "Rule"), as amended, 16 C.F.R. Part 310, in connection with a deceptive lead generation business resulting in millions of unlawful telemarketing calls.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## II.  DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. **"Covered Information"** means information from or about an

individual consumer, including (a) first and last name; (b) a home or other physical address, including street name, name of a city or town, or zip code; (c) an email address or other online contact information, such as a social media username; (d) a telephone number, including mobile number; (e) gender; (f) age or date of birth; (g) response to any survey or multiple-choice question about circumstances specific to the consumer, such as education level, employment status, or household debt; (h) biometric information; or (i) any information combined with any of (a) through (h).

    B.    **"Defendants"** means the Corporate Defendant and Individual Defendant, individually, collectively, or in any combination.

        1.    **"Corporate Defendant"** means Response Tree LLC and its successors and assigns.

        2.    **"Individual Defendant"** means Derek Thomas Doherty.

    C.    **"Lead Generation"** means (a) using marketing techniques to identify or attract prospective customers' interest in a third party's product or service; (b) obtaining, or assisting others in obtaining, Covered Information of prospective customers for a third party's product or service; or (c) providing any such Covered Information of prospective customers to a third party.

    D.    **"National Do Not Call Registry"** means the National Do Not Call Registry, which is the "do-not-call" registry maintained by the Commission pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

    E.    **"Outbound Telephone Call"** means a telephone call initiated by a Telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

    F.    **"Person"** or **"Persons"** includes a natural person, an organization, or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

G.  **"Telemarketer"** means any Person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor, whether or not such Person is under the jurisdiction of the Commission.

H.  **"Telemarketing"** means any plan, program, or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

### III.  BAN ON ROBOCALLS

IT IS ORDERED that Defendants, whether acting directly or through an intermediary, are permanently restrained and enjoined from initiating, causing others to initiate, or assisting others in initiating any Outbound Telephone Call that plays or delivers a prerecorded message.

### IV.  BAN ON CALLS TO PHONE NUMBERS ON THE NATIONAL DO NOT CALL REGISTRY

IT IS ORDERED that Defendants, whether acting directly or through an intermediary, are permanently restrained and enjoined from initiating, causing others to initiate, or assisting others in initiating any Outbound Telephone Call to a person when that person's telephone number is on the National Do Not Call Registry, maintained by the Commission, of persons who do not wish to receive Outbound Telephone Calls to induce the purchase of goods or services.

### V.  BAN ON THE COLLECTION, SALE, TRANSFER, OR DISCLOSURE OF COVERED INFORMATION IN CONNECTION WITH LEAD GENERATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from collecting any consumer's Covered Information, or selling, transferring, or otherwise disclosing

any consumer's Covered Information to any Person, in connection with Lead Generation.

## VI. MONETARY JUDGMENT FOR CIVIL PENALTY AND SUSPENSION

IT IS FURTHER ORDERED that:

A. Judgment in the amount of Seven Million Dollars ($7,000,000) is entered in favor of Plaintiff against Defendants, jointly and severally, as a civil penalty.

B. Defendants are ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, Seven Million Dollars ($7,000,000). This judgment is suspended subject to the Subsections below.

C. Plaintiff's agreement to the suspension of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1. The Financial Statement of Corporate Defendant Response Tree LLC signed on July 11, 2023 by Derek Thomas Doherty;
2. The Financial Statement of Individual Defendant Derek Thomas Doherty signed on July 11, 2023, including attachments;
3. The monthly statements for Corporate Defendant Response Tree LLC's bank account at J.P. Morgan Chase, N.A. for account ending in -3237 for the period July 15, 2020 to January 30, 2023;
4. The monthly statements for Corporate Defendant Response Tree LLC's bank account at J.P. Morgan Chase, N.A. for account ending in -3252 for the period November 3, 2020 to March 8, 2022; and
5. The Declaration of Derek Thomas Doherty signed on August 30, 2023.

D. The suspension of the judgment will be lifted as to any Defendant if, upon motion by Plaintiff, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E. If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the amount of the civil penalty for the violations alleged in the Complaint), plus interest computed from the date of entry of this Order.

## VII. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

C. Defendants agree that the judgment represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore, as to the Individual Defendant, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

D. Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## VIII. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents,

employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

    A.    Within 30 days after the effective date of this Order, failing to destroy Covered Information in all forms, including the name, address, phone number, email address, gender, age, date of birth, any survey question responses, and any information derived from Covered Information, including aggregate, anonymized data, that are in any Defendant's possession, custody, or control and was obtained prior to the date on which all Defendants have signed this Order, *provided, however*, that a customer's information need not be deleted to the extent:

        1.    Requested by a government agency; or

        2.    Required by law, regulation, court order, contractual obligations requiring Defendants to maintain records on behalf of entities that buy Covered Information to document compliance with federal or state laws or regulations applicable to Telemarketing or email marketing, or legal process, including as required by rules applicable to safeguarding of evidence in pending or anticipated litigation.

    B.    For any Covered Information not deleted pursuant to Subsection A of this Section, selling, transferring, or disclosing such information to any Person;

    C.    Within 60 days after the effective date of this Order, failing to:

        1.    Identify each Person who has accessed, received, or acquired a consumer's Covered Information from any Defendant prior to the date on which all Defendants signed this Order;

        2.    Identify what types of Covered Information were disclosed to each Person identified in Subsection C(1) of this Section; or

        3.    Submit a list of the information identified in Subsections C(1) and C(2) of this Section and a description of the methodologies used

to identify that information to Debrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director of Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: "FTC v. Response Tree LLC, Matter No. 2123087";

D. Within 90 days after the effective date of this Order, failing to:
1. Provide a copy of the Complaint and Order to all Persons identified under Subsection C(1) of this Section;
2. Notify each such Person in writing that the Federal Trade Commission alleges that Defendants disclosed Covered Information of consumers to them in a manner that was unfair or deceptive and in violation of the FTC Act and TSR;
3. Instruct each such Person in writing that Covered Information accessed, received, or acquired from Defendants prior to the effective date of this Order:
   a. Shall not be used for Telemarketing;
   b. To the extent such Person has not yet used the Covered Information for Telemarketing, must be destroyed; and
   c. To the extent such Person has used the Covered Information for Telemarketing, may be retained by such Person for the sole purpose of attempting to comply with state and federal recordkeeping requirements applicable to Telemarketing;

where such instruction shall include a list of the Covered Information identified in Subsection C(2) of this Section and demand written

confirmation that the Person has complied with the requirements of Subsection D(3) of this Section;

4. Provide a copy of the instructions sent under Subsection D(3) of this Section to Debrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: "FTC v. Response Tree LLC, Matter No. 2123087"; or

5. Provide, within 5 days of receipt, each written confirmation under Subsection D(3) of this Section to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: "FTC v. Response Tree LLC, Matter No. 2123087."

## IX. COOPERATION

IT IS FURTHER ORDERED that Defendants must fully cooperate with representatives of Plaintiff and the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendants must provide truthful and complete information, evidence, and testimony. Individual Defendant must appear and Corporate Defendant "must cause Corporate Defendant's officers, employees, representatives, or agents to appear" for interviews, discovery, hearings, trials, and any other proceedings that a Plaintiff or Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Plaintiff or Commission representative may designate, without the service of a subpoena.

## X.   ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order, as follows:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order, sworn under penalty of perjury.

B. For 20 years after entry of this Order, Individual Defendant for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, and each Corporate Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XI.   COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

    1. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may

use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of

the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Individual Defendant must report any change in:

(a) name, including aliases or fictitious name, or residence address; or

(b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to Debrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: "FTC v. Response Tree LLC, Matter No. 2123087".

## XII.  RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendant and Individual Defendant for any business that

such Defendant, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

 A. Accounting records showing the revenues from all goods or services sold;

 B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

 C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

 D. All written confirmations obtained under Subsection VIII(D)(3);

 E. All records of any market, behavioral, or psychological research, or user, customer, or usability testing, including any A/B or multivariate testing, copy testing, surveys, focus groups, interviews, clickstream analysis, eye or mouse tracking studies, heat maps, or session replays or recordings concerning the subject matter of this Order; and

 F. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## XIII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purposes of monitoring Defendants' compliance with this Order:

 A. Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal

1  Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36,
2  45, and 69.
3        B.    For matters concerning this Order, the Commission and Plaintiff are
4  authorized to communicate directly with each Defendant.  Defendant must permit
5  representatives of the Commission and Plaintiff to interview any employee or other
6  person affiliated with any Defendant who has agreed to such an interview.  The
7  person interviewed may have counsel present.
8        C.    The Commission and Plaintiff may use all other lawful means,
9  including posing, through its representatives as consumers, suppliers, or other
10 individuals or entities, to Defendants or any individual or entity affiliated with
11 Defendants, without the necessity of identification or prior notice.  Nothing in this
12 Order limits the Commission's lawful use of compulsory process, pursuant to
13 Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.
14       D.    Upon written request from a representative of the Commission or
15 Plaintiff, any consumer reporting agency must furnish consumer reports
16 concerning Individual Defendant, pursuant to Section 604(1) of the Fair Credit
17 Reporting Act, 15 U.S.C. §1681b(a)(1).

### XIV.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**PURSUANT TO STIPLATION, IT IS SO ORDERED.**

Date: January 16, 2024

/s/
Hon. Fernando M. Olguin
United States District Judge
Central District of California